# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| MISTY GREGER, *et ux,* JOEY GREGER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.** 4:19-cv-00675-SDJ |
| C. R. BARD, INC. and BARD | ) | |
| PERIPHERAL VASCULAR, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

**NOTICE OF VIDEOTAPED
DEPOSITION OF ROBERT O. RITCHIE, Ph.D, Sc.D.**

PLEASE TAKE NOTICE THAT, pursuant to Fed R. Civ. P. 30, and for all purposes authorized by the Federal Rules of Civil Procedure and allowed by law, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. will take the deposition of ROBERT O. RITCHIE, Ph.D, Sc.D. at **10:00 a.m. on November 9, 2020 at Greenberg Traurig, LLP located at 4 Embarcadero Center, #3000, San Francisco, California 94111.** The deposition will be videotaped and taken before a court reporter duly authorized to administer oaths and will continue from day to day until the examination is completed.

PLEASE TAKE FURTHER NOTICE that the deponent is asked to bring to the deposition the documents as described in Exhibit "A" regarding the above-referenced case.

1

Dated:  October 29, 2020

Respectfully Submitted,

/s/ Peter S. Wahby
Joseph Griffith
Texas State Bar No. 24045982
griffithj@gtlaw.com
Karl G. Dial
Texas State Bar No. 05800400
dialk@gtlaw.com
Peter S. Wahby
Texas State Bar No. 24011171
wahbyp@gtlaw.com
Allison Stewart
Texas State Bar No. 24102538
stewarta@gtlaw.com

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214)-665-3641
Facsimile: (214) 665-3601

*Attorneys for Defendants C. R. Bard, Inc.*
*and Bard Peripheral Vascular, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I caused the foregoing document to be electronically served on counsel of record in this case.

/s/ Allison Stewart
Allison Stewart

## EXHIBIT A

## DEFINITIONS

A.  "Person" as used in these Requests means all natural persons, corporations, partnerships, trusts, or other associations, and all other entities.

B.  "You" and "your" as used in these Requests means ROBERT O. RITCHIE, Ph.D, Sc.D. and his practice group and representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his behalf or under his direction or supervision.

C.  "Bard" shall be deemed to include, but without limitation, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. and each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

D.  The phrase "Subject Device" shall refer to the Bard Inferior Vena Cava that was implanted in Plaintiff's inferior vena cava ("IVC") on or about November 22, 2004.

E.  "Communication" means and includes any and all direct or indirect transmissions of information by any means, written, oral or otherwise.

F.  "Correspondence" means and includes all letters, notes, e-mails, text messages, memoranda or other written, typewritten, printed or reproduced material.

G.  "Document" as used in these Requests includes without limitation, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof.  Without limiting the generality of the foregoing, the term "Document" includes without limitation, any book, pamphlet, binder, periodical, letter, email, text message, blog, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, handwritten or other notes, working papers, transcription, draft, account, ledger, chart, paper, study, survey, index, tape, disc, photograph, computer printout, computer program and data files, microfilm, microfiche, correspondence, mailers, ledger cards, business cards, diaries, calendars, address and telephone records, drawings and charts and other data compilations.  The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations.  If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

H.  "Patient" or "Plaintiff" shall refer to Misty Greger and all persons acting for her or on her behalf.

3

I.   "Related to" or "relating to" shall mean directly or indirectly embodying, mentioning or describing, pertaining to, referring to, consisting of, being connected with or reflecting upon a stated subject matter.

J.   "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular and the singular includes the plural.  The masculine gender of any word used here includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

K.   Unless otherwise specified below, the relevant time period for each Request is the period beginning five years prior to the date the Subject Device was implanted in Plaintiff until the present.

## REQUESTS

1.  Your current and up-to-date resume or Curriculum Vitae.

2.  The complete medical record of Plaintiff, including but not limited to, all medical records, imaging studies (MRIs, CT scans, ultrasounds, PET scans, x-rays, fluoroscopy studies, films, etc.), pathology records and specimens, prescription records, written statements, employment records, insurance records, Medicaid, Medicare and disability records, and medical bills.

3.  All documents relating to your treatment of Plaintiff, including but not limited to, medical records, imaging studies, test results, notes, call logs, prescription charts, patient notes, CDs, DVDs, calendar entries.

4.  All documents created by or for you related to and/or summarizing the medical history of Plaintiff.

5.  All documents reviewed by you in preparation for this deposition.

6.  All photographs and videotapes of Plaintiff maintained by you and taken at any time.

7.  All correspondence and documents reflecting communications between you and Plaintiff or Plaintiff's family members.

8.  All medical literature, treatises or other materials relied upon in your treatment or opinions relating to Plaintiff's medical condition.

9.  All documents regarding the Subject Device, including but not limited to any labeling, emails, research, text messages, blog posts, tweets, internet or journal articles, periodicals, brochures, marketing materials, website print outs, text books, videos, CDs, DVDs, or pamphlets, including personal notes.

10. All calendars, appointment books, and/or notes regarding Plaintiff's medical care maintained by you.

4

11. All documents received by you from any company, physician, health care professional or health care facility regarding the Subject Device.

12. All documents in your possession, custody or control that relate to the above-referenced case, including, without limitation, any and all correspondence or documents or materials you received from or provided to Plaintiff, any family members of Plaintiff, or Plaintiff's attorneys in the case.

13. All documents received from or provided to any attorneys representing Plaintiff, including but not limited to, Ben C. Martin, Laura Baughman, and Thomas Arbon, whether in connection with the claims asserted by Plaintiff in this case or in a related or unrelated matter, or any affiliated entity, including but not limited to any emails, written communications, correspondence, calendar entries, appointments, or notes regarding Plaintiff, Plaintiff's lawsuit, or any other litigation involving Plaintiff.

14. All invoices, statements, or bills sent to, or records of payment made by, any attorneys representing plaintiffs, including but not limited to, Ben C. Martin, Laura Baughman, and Thomas Arbon, whether in connection with the claims asserted by Plaintiff in this case or in a related or unrelated matter.