# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MISTY GREGER, *et ux.* JOEY GREGER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Civil Action File No.:** |
| | )    **4:19-cv-00675-SDJ** |
| **C. R. BARD, INC. AND** | ) |
| **BARD PERIPHERAL VASCULAR, INC.,** | ) |
| **,** | ) |
| | ) |
| **Defendants.** | ) |

_____

**AMENDED NOTICE OF VIDEOTAPED**
**DEPOSITION OF PLAINTIFF MISTY GREGER**

PLEASE TAKE NOTICE THAT, pursuant to Fed R. Civ. P. 30, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. will take the deposition of **Misty Greger, at 10:00 a.m. on Monday, August 31, 2020** via Zoom videoconference. The deposition will be videotaped and taken before a court reporter duly authorized to administer oaths and will continue from day to day until the examination is completed.

PLEASE TAKE FURTHER NOTICE that the deponent is asked to bring to the deposition the documents as described in Exhibit "A" regarding the above-referenced case.

Respectfully submitted on August 25, 2020      */s/ Peter S. Wahby*
Joseph P. Griffith
Texas State Bar No. 24045982
Peter S. Wahby
Texas State Bar No. 24011171
wahbyp@gtlaw.com
Allison M. Stewart
Texas State Bar No. 24102538
stewarta@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214)-665-3600
Facsimile: (214) 665-3601
*Attorneys for Defendants C. R. Bard, Inc.*
*and Bard Peripheral Vascular, Inc.*

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2020, the above and foregoing document has been forwarded to counsel of record in this case.

*/s/ Allison Stewart*
Allison Stewart

## EXHIBIT A

## DEFINITIONS

1. "Person" as used in these Requests means all natural persons, corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "your" as used in these Requests means Misty Greger, her representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his/her behalf or under his/her direction or supervision.

3. "Bard" shall be deemed to include, but without limitation, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. and each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

4. The phrase "Subject Device" shall refer to the Bard Recovery® Vena Cava Filter that was implanted in Plaintiff's inferior vena cava ("IVC") on or about November 2004.

5. "Communication" means and includes any and all direct or indirect transmissions of information by any means, written, oral or otherwise.

6. "Correspondence" means and includes all letters, notes, e-mails, text messages, memoranda or other written, typewritten, printed or reproduced material.

7. "Document" as used in these Requests includes without limitation, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof.  Without limiting the generality of the foregoing, the term "Document" includes without limitation, any book, pamphlet, binder, periodical, letter, email, text message, blog, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, handwritten or other notes, working papers, transcription, draft, account, ledger, chart, paper, study, survey, index, tape, disc, photograph, computer printout, computer program and data files, microfilm, microfiche, correspondence, mailers, ledger cards, business cards, diaries, calendars, address and telephone records, drawings and charts and other data compilations.  The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations.  If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

8. "Related to" or "relating to" shall mean directly or indirectly embodying, mentioning or describing, pertaining to, referring to, consisting of, being connected with or reflecting upon a stated subject matter.

9. "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular and the singular includes the plural.  The masculine gender of any word used here includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

10. Unless otherwise specified below, the relevant time period for each Request is the period beginning five years prior to the date the Subject Device was implanted in Plaintiff until the present.

## **REQUESTS**

1. A list of all physicians and healthcare providers who provided care and treatment to you.

2. Any materials you have collected at any time regarding (a) Bard, (b) the Subject Device, (c) the physician or physicians who implanted the Subject Device, (d) the physician or physicians who attempted to explant or explanted the Subject Device, or (e) treatment options for the condition for which you received the Subject Device.  Such materials include, but are not limited to, any internet articles or information, journal articles, other periodicals, text books, or any other research materials, including personal notes.

3. All medical records, billing records, pathology records, radiology records, and imaging studies received or maintained at any time by you.

4. All non-privileged documents created by or for you related to and/or summarizing your medical history that has been provided to physicians, healthcare providers, medical treatment facilities, and/or hospitals.

5. All non-privileged correspondence and documents reflecting communications with any attorney, physician, researcher, expert, or scientist relating to any IVC filter manufactured by Bard.

6. All correspondence either sent to or received by you from physicians that in any way relate to you or this litigation.

7. All letters written on your behalf by physicians maintained by you.

8. All email, calendars, appointment books, diaries, videos, notes, blogs, social media posts, internet websites, webpages, forums, chat rooms, chat board, support boards, message boards, sounding boards, or journals created by you that are related to or describe your medical condition, any allegations or claim in the above-referenced lawsuit, the Subject Device, any IVC filter manufactured by Bard, Bard or any of its representatives, your daily activities, including but not limited to social, physical, leisure, and travel activities, your care and treatment and/or deep vein thrombosis.

9. All social media entries or postings, including but not limited to entries or postings made on twitter, instagram, snapchat, facebook, google chat, or similar type accounts, maintained by you related to any allegations and claims in the above-referenced lawsuit, the Subject Device, any IVC filter manufactured by Bard, Bard or any of its representatives, your daily

4

activities, including but not limited to social, physical, leisure, and travel activities, your care and treatment, and/or deep vein thrombosis.

10. All materials, literature, internet articles or information, journal articles, textbooks, brochures, advertisements, promotional materials letters, e-mails, blogs, Facebook posts, tweets, newsletters, social media posts, and other documents that you have reviewed, sent or received at any time and from any source that relate to the above-referenced lawsuit, the Subject Device, any IVC filter manufactured by Bard, or Bard.

11. All written or recorded statements made by you regarding Bard, the Subject Device, any IVC filter manufactured by Bard, the physician or physicians who implanted the Subject Device, and/or the physician or physicians who attempted to explant the Subject Device.

12. All non-privileged documents in your possession, custody, or control that are related to claims in the above-referenced lawsuit against Bard.

13. All non-privileged documents reviewed by you in preparation for this deposition.

14. All documents maintained by you related to any workers' compensation, social security administration, or disability claims filed on your behalf including but not limited to any transcripts within the last 10 years.

15. All medical bills and any other documents related to your claimed damages.

16. All photographs of you that are maintained by you that were taken at any time between six months prior to the date the Subject Device was implanted and the present.

17. All non-privileged documents in your possession, custody, or control that are related to your assignment or sale of any interest in proceeds that may be recovered on your behalf, regardless of the source, as the result of any compromise, settlement, arbitration, mediation, litigation, award, judgment or verdict, or any other collection activities on your pending claims in this litigation.

18. All non-privileged documents in your possession, custody, or control that are related to any third party's efforts to help manage your care, schedule your medical appointments, connect you with healthcare providers or medical funding companies, or introduce you to legal counsel in connection with this litigation.