# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **MISTY GREGER, *et ux.* JOEY GREGER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action File No.:** |
| ) | **4:19-cv-00675-SDJ** |
| **C. R. BARD, INC. AND** ) | |
| **BARD PERIPHERAL VASCULAR, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**AMENDED NOTICE OF VIDEOTAPED
DEPOSITION OF PLAINTIFF JOEY GREGER**

PLEASE TAKE NOTICE THAT, pursuant to Fed R. Civ. P. 30, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. will take the deposition of **Joey Greger, at 2:00 p.m. on Monday, August 31, 2020** via Zoom videoconference. The deposition will be videotaped and taken before a court reporter duly authorized to administer oaths and will continue from day to day until the examination is completed.

PLEASE TAKE FURTHER NOTICE that the deponent is asked to bring to the deposition the documents as described in Exhibit "A" regarding the above-referenced case.

Respectfully submitted on August 25, 2020

/s/ *Peter S. Wahby*
Joseph P. Griffith
Texas State Bar No. 24045982
Peter S. Wahby
Texas State Bar No. 24011171
wahbyp@gtlaw.com
Allison M. Stewart
Texas State Bar No. 24102538
stewarta@gtlaw.com

1

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214)-665-3600
Facsimile: (214) 665-3601

*Attorneys for Defendants C. R. Bard, Inc.*
*and Bard Peripheral Vascular, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, the above and foregoing document has been electronically forwarded to counsel of record.

*/s/ Allison Stewart*
Allison Stewart

2

## DEFINITIONS AND INSTRUCTIONS FOR EXHIBIT "A"

1. "Person" as used in these Requests means all natural persons, corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "your" as used in these Requests means Joey Greger, his representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his behalf or under his direction or supervision.

3. "Plaintiff" as used in these Requests means Misty Greger, her representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on her behalf or under her direction or supervision.

4. "Plaintiffs" as used in these Requests means Misty Greger and Joey Greger, collectively.

5. "Bard" shall be deemed to include, but without limitation, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc., and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at ANY time.

6. The phrase "Bard Product" or "Bard Products" shall refer to any IVC Filter that (i) was/were manufactured and/or distributed by Defendant C. R. Bard, Inc. and (ii) that was/were implanted in Misty Greger.

7. "Communication" means and includes any and all direct or indirect transmissions of information by any means, written, oral or otherwise.

8. "Correspondence" means and includes all letters, notes, e-mails, text messages, memoranda or other written, typewritten, printed or reproduced material.

9. "Document" as used in these Requests includes without limitation, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof.  Without limiting the generality of the foregoing, the term "Document" includes without limitation, any book, pamphlet, binder, periodical, letter, email, text message, blog, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, handwritten or other notes, working papers, transcription, draft, account, ledger, chart, paper, study, survey, index, tape, disc, photograph, computer printout, computer program and data files, microfilm, microfiche, correspondence, mailers, ledger cards, business cards, diaries, calendars, address and telephone records, drawings and charts and other data compilations.  The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations.  If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

10. "Related to" or "relating to" shall mean directly or indirectly embodying, mentioning or describing, pertaining to, referring to, consisting of, being connected with or reflecting upon a stated subject matter.

11. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

12. Unless otherwise specified below, the relevant time period for each Request is the period beginning ten years prior to the date **Misty Greger's** Bard Product or Bard Products was/were implanted until the present.

## EXHIBIT "A" – REQUESTS

1. All documents in your possession, custody or control that relate to the claims or defenses raised in the Cases, including, without limitation, any and all correspondence or documents or materials you received from or provided to any plaintiffs or plaintiffs' attorneys in the Cases.

2. All email, calendars, appointment books, diaries, videos, notes, blogs, social media posts, internet websites, webpages, forums, chat rooms, chat board, support boards, message boards, sounding boards, or journals created by you that are related to or describe Plaintiff's medical condition, any allegations or claim in this lawsuit, the Bard Product or Products, Bard or any of its representatives, Plaintiff's daily activities, including but not limited to social, physical, leisure, and travel activities, and Plaintiff's care and treatment.

3. All materials, literature, internet articles or information, journal articles, textbooks, brochures, advertisements, promotional materials letters, e-mails, blogs, Facebook posts, tweets, newsletters, social media posts, and other documents that you have reviewed, sent or received at any time and from any source that relate to this lawsuit, Bard or Misty Greger's Bard Product or Bard Products.

4. All non-privileged correspondence and documents reflecting communications with any attorney, physician, researcher, or scientist, relating to the claims in this lawsuit.

5. All medical records and x-ray films received or maintained at any time by you pertaining to Misty Greger.

6. All documents created by or for you related to and/or summarizing the medical history of Misty Greger that you or Misty Greger have provided to doctors and/or hospitals.

7. All documents maintained by you that are related to or describe Misty Greger and her alleged damages.

8. All documents reviewed by you in preparation for this deposition.

4

9.  All calendars, appointment books, diaries, journals, and/or notes regarding any medical care provided to Misty Greger.

10. All photographs of Misty Greger maintained by you and taken at any time from 6 months prior to implant to the present.

11. All correspondence and documents reflecting communications between you and Misty Greger during the period from the date the Bard Product or Bard Products were implanted to the present.