# EXHIBIT F

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | | |
|---|---|---|
| Misty Greger, et ux Joey Greger | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    4:19-cv-00675-SDJ |
| | ) | |
| C. R. Bard, Inc., et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Carlos Cruz, Surgery Associates of North Texas, 3322 Colorado Blvd, Suite 101, Denton, Texas 76210

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A attached hereto.

| Place:  Via Zoom VideoConference: Details to be Provided | Date and Time:  10/05/2020 3:30 pm |
|---|---|

The deposition will be recorded by this method:    Videotaped

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/16/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Peter S. Wahby |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. , who issues or requests this subpoena, are:

Peter S. Wahby, Greenberg Traurig, 2200 Ross Ave., Suite 5200, Dallas, Tx 75201; 214-665-3662; wahbyp@gtlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00675-SDJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

A.  "Person" as used in these Requests means all natural persons, corporations, partnerships, trusts, or other associations, and all other entities.

B.  "You" and "your" as used in these Requests means Carlos Cruz, M. D. and his practice group and representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his behalf or under his direction or supervision.

C.  "Bard" shall be deemed to include, but without limitation, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. and each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

D.  The phrase "Subject Device" shall refer to the Bard Inferior Vena Cava that was implanted in Plaintiff's inferior vena cava ("IVC") on or about November 2004.

E.  "Communication" means and includes any and all direct or indirect transmissions of information by any means, written, oral or otherwise.

F.  "Correspondence" means and includes all letters, notes, e-mails, text messages, memoranda or other written, typewritten, printed or reproduced material.

G.  "Document" as used in these Requests includes without limitation, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof.  Without limiting the generality of the foregoing, the term "Document" includes without limitation, any book, pamphlet, binder, periodical, letter, email, text message, blog, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, handwritten or other notes, working papers, transcription, draft, account, ledger, chart, paper, study, survey, index, tape, disc, photograph, computer printout, computer program and data files, microfilm, microfiche, correspondence, mailers, ledger cards, business cards, diaries, calendars, address and telephone records, drawings and charts and other data compilations.  The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations.  If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

H.  "Patient" or "Plaintiff" shall refer to Misty Greger and all persons acting for her or on her behalf.

3

I.  "Related to" or "relating to" shall mean directly or indirectly embodying, mentioning or describing, pertaining to, referring to, consisting of, being connected with or reflecting upon a stated subject matter.

J.  "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular and the singular includes the plural.  The masculine gender of any word used here includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

K.  Unless otherwise specified below, the relevant time period for each Request is the period beginning five years prior to the date the Subject Device was implanted in Plaintiff until the present.

### REQUESTS

1.  Your current and up-to-date resume or Curriculum Vitae.

2.  The complete medical record of Plaintiff, including but not limited to, all medical records, imaging studies (MRIs, CT scans, ultrasounds, PET scans, x-rays, fluoroscopy studies, films, etc.), pathology records and specimens, prescription records, written statements, employment records, insurance records, Medicaid, Medicare and disability records, and medical bills.

3.  All documents relating to your treatment of Plaintiff, including but not limited to, medical records, imaging studies, test results, notes, call logs, prescription charts, patient notes, CDs, DVDs, calendar entries.

4.  All documents created by or for you related to and/or summarizing the medical history of Plaintiff.

5.  All documents reviewed by you in preparation for this deposition.

6.  All photographs and videotapes of Plaintiff maintained by you and taken at any time.

7.  All correspondence and documents reflecting communications between you and Plaintiff or Plaintiff's family members.

8.  All medical literature, treatises or other materials relied upon in your treatment or opinions relating to Plaintiff's medical condition.

9.  All documents regarding the Subject Device, including but not limited to any labeling, emails, research, text messages, blog posts, tweets, internet or journal articles, periodicals, brochures, marketing materials, website print outs, text books, videos, CDs, DVDs, or pamphlets, including personal notes.

10. All calendars, appointment books, and/or notes regarding Plaintiff's medical care maintained by you.

11. All documents received by you from any company, physician, health care professional or health care facility regarding the Subject Device.

12. All documents in your possession, custody or control that relate to the above-referenced case, including, without limitation, any and all correspondence or documents or materials you received from or provided to Plaintiff, any family members of Plaintiff, or Plaintiff's attorneys in the case.

13. All documents received from or provided to any attorneys representing Plaintiff, including but not limited to, Ben C. Martin, Laura Baughman, and Thomas Arbon, whether in connection with the claims asserted by Plaintiff in this case or in a related or unrelated matter, or any affiliated entity, including but not limited to any emails, written communications, correspondence, calendar entries, appointments, or notes regarding Plaintiff, Plaintiff's lawsuit, or any other litigation involving Plaintiff.

14. All invoices, statements, or bills sent to, or records of payment made by, any attorneys representing plaintiffs, including but not limited to, Ben C. Martin, Laura Baughman, and Thomas Arbon, whether in connection with the claims asserted by Plaintiff in this case or in a related or unrelated matter.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| MISTY GREGER, *et ux,* JOEY GREGER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.** 4:19-cv-00675-SDJ |
| C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) | |
| | ) | |
| *Defendants*. | ) | |

**SECOND AMENDED NOTICE OF VIDEOTAPED
DEPOSITION OF CARLOS CRUZ, M.D.**

PLEASE TAKE NOTICE THAT, pursuant to Fed R. Civ. P. 30, and for all purposes authorized by the Federal Rules of Civil Procedure and allowed by law, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. will take the deposition of CARLOS CRUZ, M.D. at **3:30 p.m. on October 5, 2020 via Zoom VideoConference: Details to be Provided.** The deposition will be videotaped and taken before a court reporter duly authorized to administer oaths and will continue from day to day until the examination is completed.

PLEASE TAKE FURTHER NOTICE that the deponent is asked to bring to the deposition the documents as described in Exhibit "A" regarding the above-referenced case.

1

Dated:  September 16, 2020

Respectfully Submitted,

*/s/ Peter S. Wahby*
Joseph Griffith
Texas State Bar No. 24045982
griffithj@gtlaw.com
Karl G. Dial
Texas State Bar No. 05800400
dialk@gtlaw.com
Peter S. Wahby
Texas State Bar No. 24011171
wahbyp@gtlaw.com
Allison Stewart
Texas State Bar No. 24102538
stewarta@gtlaw.com

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214)-665-3641
Facsimile: (214) 665-3601

*Attorneys for Defendants C. R. Bard, Inc.*
*and Bard Peripheral Vascular, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I caused the foregoing document to be electronically served on counsel of record in this case.

*/s/ Allison Stewart*
Allison Stewart

2

## EXHIBIT A

## DEFINITIONS

A.  "Person" as used in these Requests means all natural persons, corporations, partnerships, trusts, or other associations, and all other entities.

B.  "You" and "your" as used in these Requests means Carlos Cruz, M. D. and his practice group and representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his behalf or under his direction or supervision.

C.  "Bard" shall be deemed to include, but without limitation, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. and each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

D.  The phrase "Subject Device" shall refer to the Bard Inferior Vena Cava that was implanted in Plaintiff's inferior vena cava ("IVC") on or about November 2004.

E.  "Communication" means and includes any and all direct or indirect transmissions of information by any means, written, oral or otherwise.

F.  "Correspondence" means and includes all letters, notes, e-mails, text messages, memoranda or other written, typewritten, printed or reproduced material.

G.  "Document" as used in these Requests includes without limitation, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof.  Without limiting the generality of the foregoing, the term "Document" includes without limitation, any book, pamphlet, binder, periodical, letter, email, text message, blog, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, handwritten or other notes, working papers, transcription, draft, account, ledger, chart, paper, study, survey, index, tape, disc, photograph, computer printout, computer program and data files, microfilm, microfiche, correspondence, mailers, ledger cards, business cards, diaries, calendars, address and telephone records, drawings and charts and other data compilations.  The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations.  If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

H.  "Patient" or "Plaintiff" shall refer to Misty Greger and all persons acting for her or on her behalf.

I. "Related to" or "relating to" shall mean directly or indirectly embodying, mentioning or describing, pertaining to, referring to, consisting of, being connected with or reflecting upon a stated subject matter.

J. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

K. Unless otherwise specified below, the relevant time period for each Request is the period beginning five years prior to the date the Subject Device was implanted in Plaintiff until the present.

## **REQUESTS**

1. Your current and up-to-date resume or Curriculum Vitae.

2. The complete medical record of Plaintiff, including but not limited to, all medical records, imaging studies (MRIs, CT scans, ultrasounds, PET scans, x-rays, fluoroscopy studies, films, etc.), pathology records and specimens, prescription records, written statements, employment records, insurance records, Medicaid, Medicare and disability records, and medical bills.

3. All documents relating to your treatment of Plaintiff, including but not limited to, medical records, imaging studies, test results, notes, call logs, prescription charts, patient notes, CDs, DVDs, calendar entries.

4. All documents created by or for you related to and/or summarizing the medical history of Plaintiff.

5. All documents reviewed by you in preparation for this deposition.

6. All photographs and videotapes of Plaintiff maintained by you and taken at any time.

7. All correspondence and documents reflecting communications between you and Plaintiff or Plaintiff's family members.

8. All medical literature, treatises or other materials relied upon in your treatment or opinions relating to Plaintiff's medical condition.

9. All documents regarding the Subject Device, including but not limited to any labeling, emails, research, text messages, blog posts, tweets, internet or journal articles, periodicals, brochures, marketing materials, website print outs, text books, videos, CDs, DVDs, or pamphlets, including personal notes.

10. All calendars, appointment books, and/or notes regarding Plaintiff's medical care maintained by you.

4

11. All documents received by you from any company, physician, health care professional or health care facility regarding the Subject Device.

12. All documents in your possession, custody or control that relate to the above-referenced case, including, without limitation, any and all correspondence or documents or materials you received from or provided to Plaintiff, any family members of Plaintiff, or Plaintiff's attorneys in the case.

13. All documents received from or provided to any attorneys representing Plaintiff, including but not limited to, Ben C. Martin, Laura Baughman, and Thomas Arbon, whether in connection with the claims asserted by Plaintiff in this case or in a related or unrelated matter, or any affiliated entity, including but not limited to any emails, written communications, correspondence, calendar entries, appointments, or notes regarding Plaintiff, Plaintiff's lawsuit, or any other litigation involving Plaintiff.

14. All invoices, statements, or bills sent to, or records of payment made by, any attorneys representing plaintiffs, including but not limited to, Ben C. Martin, Laura Baughman, and Thomas Arbon, whether in connection with the claims asserted by Plaintiff in this case or in a related or unrelated matter.